[Cite as *Aubry v. Univ. of Toledo Med. Ctr.*, 2011-Ohio-2620.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAWRENCE AUBRY, et al.

      Plaintiffs

      v.

THE UNIVERSITY OF TOLEDO MEDICAL CENTER f/k/a MEDICAL UNIVERSITY OF OHIO AT TOLEDO

      Defendant
      Case No. 2007-05814

Judge Clark B. Weaver Sr.
Magistrate Lewis F. Pettigrew

JUDGMENT ENTRY

{¶ 1} Plaintiff, Lawrence Aubry, brought this action alleging medical malpractice.[1] Plaintiff's wife, Joyce Aubry, asserted a claim for loss of consortium. The issues of liability and damages were bifurcated. Following a trial on the issue of liability, the court issued a decision and judgment entry on July 21, 2010, entering judgment for plaintiffs in an amount to be determined at the damages phase of the trial. On September 3, 2010, the court issued an amended judgment entry, pursuant to R.C. 2307.23, apportioning liability for plaintiff's injury equally between a physician employed by defendant and another physician, G. Mark Seal, M.D., who was not employed by defendant. The case proceeded to trial before the magistrate on the issue of damages. On February 10, 2011, the magistrate issued a decision recommending judgment for plaintiffs in the amount of $25.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to

---

[1]As used herein, "plaintiff" shall refer to Lawrence Aubry.

a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Plaintiffs timely filed objections.

**{¶ 3}** The magistrate found that the evidence established damages of $250,000 for plaintiff's past and future pain and suffering; $150,000 for plaintiff's past and future loss of enjoyment of life; $150,000 for Joyce Aubry's loss of consortium; $61,000 for past medical expenses; and $75,000 for future medical expenses.

**{¶ 4}** The magistrate concluded that the non-economic damages award must be reduced to $250,000 pursuant to R.C. 3345.40(B)(3). The magistrate then concluded that plaintiffs' award must be further reduced by 50 percent, pursuant to R.C. 2307.23, in order to account for the negligence attributable to Dr. Seal. Lastly, the magistrate concluded that, pursuant to R.C. 3345.40(B)(2), the $295,000 that plaintiffs received in settlement of their claim against Dr. Seal must be deducted from their award against defendant. The magistrate thus found that plaintiffs were entitled to a net monetary award of $0, notwithstanding their filing fee of $25.

**{¶ 5}** In their first objection, plaintiffs assert that the magistrate erroneously calculated their gross compensatory damages as $675,000, even though the individual damages found by the magistrate totaled $686,000. Upon review, plaintiffs' first objection is SUSTAINED and the magistrate's decision is hereby modified such that plaintiffs' gross compensatory damages shall amount to $686,000.

**{¶ 6}** In their second objection, plaintiffs argue that the magistrate erred in applying the R.C. 3345.40(B)(3) cap on non-economic damages against the gross compensatory damages so as to reduce the non-economic damages from $400,000 to $250,000. Plaintiffs argue that the magistrate should have first apportioned the gross compensatory damages equally between defendant and Dr. Seal, such that the award for non-economic damages against defendant would be $200,000, and would not be subject to any reduction under R.C. 3345.40(B)(3).

{¶ 7} R.C. 3345.40(B) provides, in part:

{¶ 8} "[I]n an action against a state university or college to recover damages for injury, * * * damages * * * that do not represent the actual loss of the person who is awarded the damages shall not exceed two hundred fifty thousand dollars in favor of any one person." Inasmuch as the instant action is one against a state university to recover damages for injury, non-economic damages cannot exceed $250,000. Given that the magistrate found that non-economic damages amounted to $400,000, the magistrate appropriately reduced this amount to $250,000 by operation of R.C. 3345.40(B)(3). Plaintiffs' second objection is OVERRULED.

{¶ 9} In their third objection, plaintiffs argue that the magistrate erred in reducing their award against defendant by the amount of their settlement with Dr. Seal. According to plaintiffs, their settlement with Dr. Seal was not a "benefit" as that term is used in R.C. 3345.40(B)(2), and thus should not be deducted from their award against defendant pursuant to that statute. Plaintiffs also assert that the principles of several liability and apportionment of damages do not entitle defendant to a setoff against their settlement with Dr. Seal. Plaintiffs acknowledge that they presented those same arguments in their October 1, 2010 motion for partial summary judgment, which is appended to their objections and incorporated by reference. However, the court addressed those arguments and denied plaintiffs' motion in its decision of November 10, 2010, and for the reasons set forth therein, plaintiffs' third objection is OVERRULED.

{¶ 10} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law, with the exception that the amount of gross compensatory damages is modified as set forth above. Therefore, plaintiffs' first objection is SUSTAINED, plaintiffs' second and third objections are OVERRULED, and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.

{¶ 11} Judgment is rendered for plaintiffs in the amount of $25, representing the filing fee paid by plaintiffs. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Anne B. Strait
Brian M. Kneafsey, Jr.
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Thomas W. Gallagher
400 Toledo Legal Building
416 North Erie Street
Toledo, Ohio 43604-5622

RCV/cmd
Filed May 11, 2011
To S.C. reporter May 26, 2011